IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED
2022 SEP 12 P 3:05

DEPUTY CLERK

| | |
|---|---|
| JOSEPH F. ROUSSEL, | : |
| PLAINTIFF, | : |
| VS. | : |
| WILLIAM MAYO (INDIVIDUAL CAPACITY), SCOTT WILCOX (INDIVIDUAL CAPACITY), RYAN BAILEY (INDIVIDUAL CAPACITY), LUCAS MURPHY, (INDIVIDUAL CAPACITY), | : CASE NO: 1:22-CV-00285-JAW |
| DEFENDANTS. | : |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Joseph F. Roussel, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows:

1. The Plaintiff initiates the instant action against the Defendants pursuant to 42 U.S.C. § 1983 Civil Action For Deprivation Of Rights with regarding to an incident in which the Defendants have collectively deprived the Plaintiff of his fundamental constitutional rights under the color of state law thereby giving rise to the instant action.

2. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

3. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## JURISDICTION AND VENUE

4. Jurisdiction exists in the instant matter pursuant to 42 U.S.C. § 1983 - Civil Action For Deprivation of Rights as the individuals complained of were employees of the state acting under the color of state law.

5. Venue is proper as the matters complained of in the instant district have taken place wholly within the instant district.

## PARTIES

6. PLAINTIFF - Joseph F. Roussel - is the Plaintiff in the instant matter with an address of 180 Brewer Lake Road, Orrington, ME 04474.

7. DEFENDANTS - William Mayo (Town Manager) (Individual Capacity) with an address of 265 Main Street, Old Town, ME 04468, Scott Wilcox (Chief of Police) (Individual Capacity) with an address of 150 Brunswick Street, Old Town ME, 04468, Ryan Bailey (Sergeant) (Individual Capacity) with an address of 150 Brunswick Street, Old Town ME, 04468, and Lucas Murphy (Patrol Officer) (Individual Capacity) with an address of 150 Brunswick Street, Old Town ME, 04468 are the defendants in the instant matter.

## STATEMENT OF FACT

8. The Plaintiff initiates the instant action against the Defendants pursuant to 42 U.S.C. § 1983 Civil Action For Deprivation Of Rights with regarding to an incident in which the Defendants have collectively deprived the Plaintiff of his fundamental constitutional rights under the color of state law thereby giving rise to the instant action.

9. On October 7, 2021, the Plaintiff received an official action from the Defendants under the color of state law in the form of a trespassing warning informing the Plaintiff of a prohibition from accessing public property in retaliation against the Plaintiff for practicing and exercising their first amendment constitutional right to redress public officials.

10. The Plaintiff originally complained to the Defendant Town Manager William Mayo about various redresses regarding the inaccessibility of information that should be available through "Freedom of Information Act" requirements which the Defendant refused to address and brushed

off as insignificant after which the Defendant engaged in baseless and erroneous allegations that he felt 'threatened' and ordered for the removal of the Plaintiff from the public property by law enforcement officers named in the instant matter. The Plaintiff simply asked if a respirator would be sufficient as a 'mask' (during the time of the pandemic) to which the Defendant began cursing and losing his temper stating he was 'tired of all of you f--ing people that don't f--ing listen' and various other unprofessional remarks.

11. The Plaintiff was later served with a trespass warning prohibiting the Plaintiff from accessing the public property and exercising their first amendment rights to freedom of speech and redress of public officials extrajudicially and without the due process of law.

12. The Plaintiff maintains that the Plaintiff has a fundamental constitutional right to the freedom of speech and to redress public officials which cannot be limited absent just cause as well as a compelling government interest and the trespassing warning prohibiting the Plaintiff from accessing this public property to redress public officials constitutes an infringement on the Plaintiff's fundamental constitutional rights pursuant to the first and fourteenth amendments of the U.S. Constitution under the color of state law thereby giving rise to the instant action and warranting the relief sought by the Plaintiff.

13. Clearly the actions engaged in by the Defendant constitute an infringement on the fundamental constitutional rights of the Plaintiff without cause and warrants the instant action for economic and non-economic relief namely in the form of injunctive relief negating the unlawful prohibition on the Plaintiff from exercising their fundamental constitutional rights as described herein.

14. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action as described herein.

15. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## COUNT I - CIVIL ACTION FOR DEPRIVATION OF RIGHTS
## PURSUANT TO 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

16. The Plaintiff hereby references and incorporates Paragraph 1 through 15 as if though set forth herein at length.

17. Section 1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

18. In order to properly plead a Section 1983 claim, Plaintiffs must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a federally protected right. West v. Atkins, 487 U.S. 42, 48 (1988).

19. The federally protected right that the Plaintiff was deprived of in the instant matter was the first amendment right protecting free speech and the ability of the Plaintiff to redress public officials for grievances such as in the instant matter.

20. Here, the Defendants have acted under color of state law in a coordinated action to deprive the Plaintiff of this federally protected right thereby giving rise to the instant action pursuant to 42 U.S.C. § 1983.

21. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

22. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## COUNT II - RETALIATION
## AGAINST ALL DEFENDANTS

23. The Plaintiff hereby references and incorporates Paragraph 1 through 15 as if though set forth herein at length.

24. Unlawful retaliation claims are evaluated with the "shifting burdens" analysis articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Fennell v. First Step Designs, Inc. 83 F.3d 526, 535 (1st Cir. 1996). Under that formula, Plaintiff has the undemanding task of demonstrating a prima facie case of unlawful retaliation. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991) (stating that "[t]he burden of making out a prima facie case is „not onerous‟") (citation omitted)). To establish a prima facie case of unlawful retaliation under state and federal law, Plaintiff must show that (1) he engaged in an activity protected by the applicable statute; (2) he suffered an adverse action; and, (3) the adverse action was causally connected to the protected activity. Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009) (Title VII); Bishop v. Bell Atlantic Corp., 299 F.3d 53, 58 (1st Cir. 2002) (MHRA).

25. In the instant matter, the Plaintiff engaged in the constitutionally protected activity of redressing public officials.

26. The Plaintiff suffered an adverse action in the form of being issued a trespass warning prohibiting the Plaintiff for access to the public property in the instant matter and that this trespass warning was clearly connected causally to the Plaintiff engaging in the protected activity in the instant matter thereby giving rise to the instant cause of action for retaliation.

27. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

28. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## COUNT III - CIVIL CONSPIRACY
## AGAINST ALL DEFENDANTS

29. The Plaintiff hereby references and incorporates Paragraph 1 through 15 as if though set forth herein at length.

30. A list of the separate elements of civil conspiracy includes: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme. *See, e.g., Ryan v. Eli Lilly Co.,* 514 F.Supp. 1004, 1012 (D.S.C. 1981).

31. In the instant matter, the Defendants have clearly acted in a concerted and coordinated manner agreed upon by the Defendants ahead of time to act in an unlawful manner by issuing the

Plaintiff a trespass warning baselessly to deprive the Plaintiff of their first amendment constitutional rights.

32. The over act was done pursuant to and in furtherance of the common scheme to deprive the Plaintiff of their first amendment constitutional rights.

33. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

34. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby respectfully requests this Honorable Court enter judgment in favor of the Plaintiff as follows:

A. Compensatory Damages - in an amount to be determined in a trial by jury.

B. Punitive Damages - in an amount to be determined in a trial by jury.

C. Injunctive Relief - Ordering the Defendants to correct the misrepresentations complained of.

D. Any and All Other Relief Deemed Necessary And Applicable.

Dated: September 8, 2022                    Respectfully Requested,

*Joseph F. Roussel*