UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH F. ROUSSEL, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) 1:22-cv-00285-JAW |
| WILLIAM MAYO, et al., | ) ) ) |
| Defendants | ) ) |

### RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiff alleges his First Amendment rights were violated by the defendants, who are municipal employees of the City of Old Town. (Complaint, ECF No. 1.) Defendants move to dismiss Plaintiff's complaint. (Motion to Dismiss, ECF No. 6.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant Defendants' motion.

### BACKGROUND

The facts set forth below are derived from Plaintiff's complaint. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiff, a resident of Orrington, Maine, alleges that while on public property, he complained to Defendant Mayo, the town manager of Old Town, about information Plaintiff contends should have been made available through the "Freedom of Information Act." (Complaint ¶¶ 6, 7, 10.) Plaintiff asked Defendant Mayo if a respirator would suffice as a "mask." (Complaint ¶ 10.) Plaintiff alleges Defendant Mayo lost his temper, made

some unprofessional remarks, said he felt "threatened," and "ordered for the removal of Plaintiff by law enforcement officers named [as Defendants]." (*Id.*) Plaintiff was served with a trespass warning on October 7, 2021, which prohibited Plaintiff from accessing the public property. (*Id.* ¶¶ 9, 11.)  Plaintiff maintains Defendants' actions violate his rights protected by the First and Fourteenth Amendments to the United States Constitution.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted."  In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).  To overcome the motion, a plaintiff must establish that his or her allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*  The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-

00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

Plaintiff first contends that by removing him from and prohibiting him from re-entering public property, Defendants violated his First Amendment rights to free speech and to seek redress from public officials. (Complaint ¶ 19.) Relatedly, Plaintiff alleges that Defendants retaliated against him for his protected speech. (*Id.*) Defendants contend in part that Plaintiff's complaint fails because although he has alleged that he was directed to leave and was subsequently barred from entering a public building, he was not deprived of his right to exercise his First Amendment rights in a public forum.

Plaintiff's claim is authorized by 42 U.S.C. § 1983, which provides a private right of action against a person who, under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and [federal] laws.'" *Gray v. Cummings*, 917 F.3d 1, 7 (1st Cir. 2019) (alteration in original) (quoting 42 U.S.C. § 1983). To maintain a claim under § 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

In *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37 (1983), the Supreme Court explained, "[t]he existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue." *Id.*, 460 U.S. at 44. There are three types of public

property for First Amendment purposes: traditional public forums, designated public forums, and public property which is not a forum either by tradition or designation. *Id*. at 45-46. Traditional public forums "are streets and parks which 'have immemorially been held in trust for the use of the public, and time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions.'" *Id*. at 45 (quoting *Hague v. CIO*, 307 U.S. 496, 515 (1939). A designated public forum is "public property which the state has opened for use by the public as a place for expressive activity." *Perry Educ. Ass'n*, 460 U.S. at 45. In both public forums and designated public forums, the government may enforce "[r]easonable time, place and manner regulations," but "a content-based prohibition[] must be narrowly drawn to effectuate a compelling state interest." *Id*. at 45-46; *see also Jones v. Town of Milo*, No. 09-CV-80-B-W, 2009 WL 1605409, at *12 (D. Me. June 5, 2009) ("Where access to a … public forum is at hand, a person may only be excluded when 'exclusion is necessary to serve a compelling state interest and the exclusion is narrowly drawn to achieve that interest.'") (quoting *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc*., 473 U.S. 788, 800 (1985)). Put another way, "government may not grant the use of a forum to people whose views it finds acceptable, but deny use to those wishing to express less favored or more controversial views." *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 96 (1972).

As to public property that has not been designated or recognized as a public forum, the "First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *U.S. Postal Serv. v. Greenburgh Civic Ass'n*, 453 U.S. 114, 129 (1981). "In addition to time, place, and manner regulations, the state may reserve the

4

forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n*, 460 U.S. at 46.

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in activities covered by the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Powell v. Alexander*, 391 F.3d 1, 16-17 (1st Cir. 2004). "[I]t is obviously improper for officers to invoke criminal laws for retaliatory purposes." *Gericke v. Begin*, 753 F.3d 1, 6 (1st Cir. 2014).

Plaintiff's factual allegations do not support a claim against the law enforcement officers. None of the officers is mentioned by name in any of Plaintiff's assertions regarding the underlying facts. The only allegation against the officers is that following the disagreement about the Freedom of Information Act and after stating that he felt threatened, Defendant Mayo "ordered for the removal" of Plaintiff from the public property by the law enforcement officers. Plaintiff does not allege what actions, if any, the officers took in response to the order. Plaintiff does not claim the law enforcement officers were involved in the encounter or even witnessed the encounter. The allegations in the complaint would not support a finding that the law enforcement officers had any retaliatory animus or sought to restrict Plaintiff's ability to speak based on his views. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A plausible pleading must do more than rely only on

5

"labels," "conclusions," or "formulaic recitations of the elements," free from "further factual enhancement").

Plaintiff also has not alleged sufficient facts to support a finding that the public property was a traditional public forum or designated public forum. Plaintiff's allegations could support a finding that Defendant Mayo restricted Plaintiff's access to the public property and his ability to speak on the property based in part on the content of Plaintiff's speech. The mere fact that Plaintiff was removed from the property based on Plaintiff's statements, however, does not constitute a constitutional violation. As *Perry* suggests, the government generally may limit speech to some degree on public property that is not a public forum. *See United States v. Kokinda*, 497 U.S. 720, 733 (1990) (upholding content-based restriction on postal office property because the "particular form of speech . . . is disruptive of business"); *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985) ("Control over access to a nonpublic forum can be based on subject matter and speaker identity so long as the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral"). The issue is whether Plaintiff's allegations could be reasonably construed to support a finding that Defendant Mayo's order to remove Plaintiff from public property that is not a public forum was based on Plaintiff's viewpoint. *See Perry Educ. Ass'n*, 460 U.S. at 46.

Because Plaintiff has not described the location or purpose of the public property, nor alleged the context in which his conversation with Defendant Mayo occurred, Plaintiff's allegations are insufficient to support a claim that he was removed from the property based on his viewpoint on an issue. To the contrary, Plaintiff alleges he was

6

removed after he asked a question, not after he stated a particular viewpoint. Removal from public property because a person makes inquiries that are disruptive or not related to the purposes of the public property does not constitute a First Amendment violation. *See Thornton v. City of Kirkwood*, No. 4:07CV79 CDP, 2008 WL 239575, at *4 (E.D. Mo. Jan. 28, 2008) (finding no first amendment violation resulting from restrictions if they followed irrelevant, disruptive, repetitious, or overly-lengthy questions or comments, or when plaintiff did not "confine his remarks to issues germane" to the business of the limited public forum).[1]

Plaintiff further alleges Defendants, "in a concerted and coordinated manner," acted "in an unlawful manner by issuing" a trespass warning to Plaintiff. (Complaint ¶ 31.) "A civil rights conspiracy as commonly defined is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.'" *Estate of Bennet v. Wainwright*, 548 F.3d 155, 178 (1st Cir. 2008) (quoting *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988). While "conspiracy is a matter of inference," *Estate of Bennet*, 548

---

[1] An ongoing prohibition on accessing certain government property could in theory implicate First Amendment rights in a slightly different manner. For example, rather than infringing the right to free speech, an ongoing ban could arguably implicate a person's right to association or to petition the government. However, the allegations here lack enough facts to support a claim based on Plaintiff's right to petition the government. Furthermore, Plaintiff does not assert that Defendants imposed any restrictions on his ability to correspond with government officials by alternate means, including at other physical locations or through regular or electronic mail. Without additional facts, therefore, there is no basis to conclude that the loss of physical access to one particular property (evidently in a different town than Plaintiff's residence) constitutes an infringement on Plaintiff's First Amendment rights. *See Myers v. Loudoun Cnty. Sch. Bd.*, 500 F. Supp. 2d 539, 546–47 (E.D. Va. 2007) (rejecting First Amendment right-to-petition claim and discussing limitations on that right).

F.3d at 178, "the plaintiff must plead plausible factual allegations sufficient to support a reasonable inference that such an agreement was made." *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019). "A party cannot base a conspiracy claim on conclusory allegations alone." *Jones*, 2009 WL 1605409, at *13. Plaintiff has not alleged facts that would support a civil conspiracy claim. Where, as in this case, a plaintiff "plead[s] no facts to support the existence of an agreement" among the defendants to violate the plaintiff's constitutional rights, a plaintiff "fail[s] to cross the plausibility threshold." *Thomas v. Town of Chelmsford*, 267 F. Supp. 3d 279, 307 (D. Mass. 2017); *see also Alston v. Spiegel*, 988 F.3d 564, 578 (1st Cir. 2021) ("A pleader is entitled to have reasonable inference drawn in his favor, but he is not entitled to the benefit of speculation unanchored to sufficiently supportive facts.").

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

             /s/ John C. Nivison
             U.S. Magistrate Judge

Dated this 30th day of November, 2022.