IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MAINE

JOSEPH F. ROUSSEL,

        Plaintiff,

        v.                        Case No.: **1:22-cv-00285-JAW**

WILLIAM MAYO, *et seq.*,

        Defendants.

## AMENDED COMPLAINT

COMES THIS DAY Plaintiff Joseph F. Roussel, proceeding *pro se*, who, hereby prays for damages against Defendants William Mayo, Ryan Bailey, Scott Wilcox, and Lucas Murphy, as follows:

### I. JURISDICTION & VENUE

1.     This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.     The United States District Court for the District Court of Maine is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### II. PLAINTIFF

3.     Plaintiff, Joseph F. Roussel, is and was at all times mentioned herein a citizen of the United States and the State of Maine, whose address is 180 Brewer Lake Road Orrington, Me 04474.

## III. DEFENDANTS

4.      Defendant William Mayo was at all times relevant hereto employed as Old Town Maine's Town Manager, whose address is 265 Main Street, Old Town, ME 04468.

5.      Defendant Scott Wilcox was at all times relevant hereto employed as the Old Town Maine Chief of Police, whose address is 150 Brunswick Street, Old Town ME, 04468.

6.      Defendant Ryan Bailey was at all times relevant hereto employed as an Old Town Maine Police Sergeant, whose address is 150 Brunswick Street, Old Town ME, 04468.

7.      Defendant Lucas Murphy was at all times relevant hereto employed as an Old Town Maine Patrol Officer, whose address is 150 Brunswick Street, Old Town ME, 04468.

8.      Each defendant is sued individually as well as in their official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## III. FACTS

9.      The Plaintiff initiates the instant action against the Defendants pursuant to 42 U.S.C. § 1983 Civil Action for Deprivation of Rights with regarding to an incident in which the Defendants have collectively deprived the Plaintiff of his fundamental constitutional rights under the color of state law thereby giving rise to the instant action.

10.     On or about October 7, 2021, the Plaintiff received an official action from the Defendants under the color of state law in the form of a trespassing warning informing the Plaintiff of a prohibition from accessing public property in retaliation against the Plaintiff for practicing and exercising their first amendment constitutional right to redress public officials.

11.     I called the city of Old Town to inquire about a property I was attempting to purchase. This was during the covid 19 pandemic I was told I needed to wear a paper mask to come to city hall. I asked if I could wear a respirator instead. The woman I spoke with said she didn't know if that was acceptable. She transferred me to the city manager (Bill Mayo).

12.     I attempted to explain to Mr. Mayo that I had a hard time breathing with a paper mask and that I was wearing a respirator instead before I could explain Mr. Mayo became verbally aggressive. Saying that he was so fucking tired of having to explain to you people.  I attempted to explain to Mr. Mayo that he was a public servant and that I had every right to get the records I needed. We traded words and ended up hanging up on each other. no threats on either part were made.

13.     Two adult men had a discussion over the phone that resulted in a disagreement. The public servant (Bill Mayo) called his employee Scott Wilcox chief of police to talk about his feelings I guess. No law was broken. Later I was given the trespass warning because Mayo said he felt intimidated and that it didn't matter if it was legal he controlled the retirement fund.

14.     Later that day I was surprised to see a Penobscot county sheriff's deputy in my driveway. The deputy had a trespass warning for me for the Old Town city hall. As far as I know I have the right to free speech and the right to redress my government officials. Feelings enforcement is not the Job of the police even if it is the Town manager who was offended.

15.     Mr. Mayo has also claimed that I don't have the right to go to his town hall because I don't live in Old town or own property in Old Town and I am pretty sure that I am an American, and I have every right to go on any public property in our great country even if I hurt someone's feelings.

16.     Days later I called and went to Old Town in protest of what I see as an illegal attempt to prevent my free speech and right to redress my government. I called to let

them know that I was unarmed and only looking to flex my rights. But intended to enter the town hall. Even went to the police station first and let them look in my truck. I parked at the police station and walked to city hall. They placed it on lockdown for a man who had broken no law or made any threats to anyone. I stood out front of town hall for over an hour and talked with the four officers and Chief Wilcox. Who threatened to arrest me to arrest me and when that didn't work, Wilcox threatened to not take me to Penobscot county jail but somewhere in southern Maine where covid was much worse then in our area. I eventually left; this threat was enough.

17.     As far as limiting my access to public records I was told by Chief Wilcox that all public information records requests should go through him after the incident that occurred. When i did this he ignored one verbal request one hand written request and 3 or 4 emails before I emailed Mayo who compiled. It took almost a year to get the one simple document I needed to file this lawsuit. This is a violation of state law.

18.     The Plaintiff originally complained to the Defendant Town Manager William Mayo about various redresses regarding the inaccessibility of information that should be available through   "Freedom of Information Act" requirements which the Defendant refused to address and brushed off as insignificant after which the Defendant engaged in baseless and erroneous al legations that he felt 'threatened' and ordered for the removal of the Plaintiff from the public property by law enforcement officers named in the instant matter. The Plaintiff simply asked if a respirator would be sufficient as a 'mask' (during the time of the pandemic) to which the Defendant began cursing and losing his temper stating he was 'tired of all of you f--ing people that don't f--ing listen' and various other unprofessional remarks.

19.     The Plaintiff was later served with a trespass warning prohibiting the Plaintiff from accessing the pubic prope1ty and exercising their first amendment rights to

freedom of speech and redress of public officials extrajudicially and without the due process of law.

20.     The Plaintiff maintains that the Plaintiff has a fundamental constitutional right to the freedom of speech and to redress public officials which cannot be limited absent just cause as well as a compelling government interest and the trespassing warning prohibiting the Plaintiff from accessing this public prope1ty to redress pub! ic officials constitutes an infringement on the Plaintiff's fundamental constitutional rights pursuant to the First and Fourteenth Amendments of the U.S. Constitution under the color of state law thereby giving rise to the instant action and warranting the relief sought by the Plaintiff.

21.     Clearly the actions engaged in by the Defendant constitute an infringement on the fundamental constitutional rights of the Plaintiff without cause and warrants the instant action for economic and non-economic relief namely in the form of injunctive relief negating the unlawful prohibition on the Plaintiff from exercising their fundamental constitutional rights as described herein.

22.     As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action as described herein.

23.     The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## IV. LEGAL CLAIMS

24.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

25.     *Pro se* litigants, as well as those represented by counsel, are entitled to meaningful access to the courts. See *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *Ross v. Moffitt*, 417 U.S. 600, 612-15

(1974) ; *Johnson v. Avery*, 393 U.S. 483, 485 (1969). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

26.     Sufficient access to the courts, is a right protected by the Due Process Clause of the Fourteenth Amendment. See *Wolff*, 418 U.S. at 579-80; *Corpus v. Estelle*, 409 F. Supp. 1090, 1097 (S.D. Tex. 1975), aff'd, 542 F.2d 573 (5th Cir. 1976); *Potuto, The Right of Prisoner Access: Does Bounds Have Bounds?*, 53 Ind. L.J. 207, 215-19 (1977-78); Note*, Prisoners' Rights- Failure to Provide Adequate Law Libraries Denies Inmates' Right of Access to the Courts,* 26 U. Kan. L. Rev. 636, 643-44 (1978).

27.     Sufficient access to the courts is equally a fundamental right protected by the First Amendment, which guarantees to all persons use of the judicial process to redress alleged grievances.  See *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (right to petition Government for redress of grievances); *NAACP v. Button*, 371 U.S. 415, 428-29 (1963)(same), *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *Johnson v. Avery*, 393 U.S. 483, 488 (1969).

28.     The actions, inaction, fault or negligence of the Defendants described herein above violated Plaintiff's right to enjoy meaningful access to the Courts and to redress his government for the redress of grievances guaranteed to him by the First and Fourteenth Amendment to the United States Constitution,

29.     The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## V. PRAYER FOR RELIEF

30.     WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

31.     A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

32.     A preliminary and permanent injunction ordering Defendants William Mayo, Scott Wilcox, Ryan Bailey, and Lucas Murphy to cease engaging in conduct that deprives a citizen of the United States their right to enjoy meaningful access to the Court and to redress their government for the redress of grievances.

33. Compensatory damages in the amount to be determined at trial against each defendant, jointly and severally.

34.     Punitive damages in the amount to be determined at trial against each defendant.

35.     A jury trial on all issues triable by jury

36.     Plaintiff's costs in this suit

37.     Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted,

/s/ Joseph F. Roussel, pro se

Mr. Joseph F. Roussel, *pro se*
180 Brewer Lake Road
Orrington, Maine 04474
(207) 299-2379
kingsofmaine@gmail.com

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of December 2022, at Orrington, Maine.

/s/ *Joseph F. Roussel, pro se*

Mr. Joseph F. Roussel, *pro se*
180 Brewer Lake Road
Orrington, Maine 04474
(207) 299-2379
kingsofmaine@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned hereby certifies that a true and complete copy of the foregoing *Amended Complaint* was a mailed, via United States Postal Service, postage pre-paid to:

Frederick F. Costlow, Esq. (Bar No. 3823)
Richardson Whitman Large & Badger
One Merchants Plaza, Suite 302
PO Box 2429
Bangor, ME 04402-2429
(207) 945-5900
fcostlow@rwlb.com

Attorney for City of Old Town Defendants

/s/ Joseph F. Roussel, pro se
Mr. Joseph F. Roussel, *pro se*
180 Brewer Lake Road
Orrington, Maine 04474
(207) 299-2379
kingsofmaine@gmail.com