UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH F. ROUSSEL, | ) |
| Plaintiff, | ) ) |
| | ) 1:22-cv-00285-JAW |
| v. | ) ) |
| WILLIAM MAYO, et al., | ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO AMEND COMPLAINT**

A pro se plaintiff objects to the Magistrate Judge's recommendation that the Court grant the defendants' motion to dismiss his complaint. Because the Court construes the plaintiff's objection as a motion to amend his complaint and the plaintiff filed an amended complaint alleging a new set of facts that the Court determines is not futile, the Court grants the plaintiff's motion to amend complaint. The Court sets deadlines for the defendants to decide whether to maintain their current motion to dismiss, amend it, or withdraw it.

**I.     PROCEDURAL HISTORY**

On September 12, 2022, Joseph Roussel filed a complaint alleging a First Amendment violation against William Mayo, Ryan Bailey, Lucas Murphy, and Scott Wilcox (Defendants), each alleged to be employees of the city of Old Town, Maine. *Compl.* (ECF No. 10). In his proposed amended complaint, Mr. Roussel alleges that on October 7, 2021, he spoke by telephone with the town manager of Old Town, Maine

and they disagreed about whether Mr. Roussel could come onto town property wearing a respirator and not a mask. *Am. Compl.* ¶¶ 11-13 (ECF No. 14). Mr. Roussel states that on October 8, 2021, he was served by a Penobscot County Deputy Sheriff with a no trespass warning against entering Old Town city hall. *Id.* ¶ 14. Later, when Mr. Roussel decided to challenge the prohibition against his entering Old Town city hall, he appeared outside city hall and was threatened with arrest after which Mr. Roussel broke off his protest. *Id.* ¶ 16.

On September 28, 2022, the Defendants filed a joint motion to dismiss Mr. Roussel's complaint. *Defs. William Mayo, Scott Wilcox, Ryan Bailey and Lucas Murphy's Joint Mot. to Dismiss and/or J. on the Pleadings Pursuant to F.R.Civ.P. Rule 12(b)(6) with Incorporated Mem. of Law* (ECF No. 6). On September 29, 2022, Mr. Roussel filed his response. *Resp. in Opp'n to Mot. to Dismiss* (ECF No. 7). On October 6, 2022, the Defendants filed a reply. *Defs. William Mayo, Scott Wilcox, Ryan Bailey, and Lucas Murphy's Joint Reply to Pl.'s Resp. in Opp'n to Def.'s Joint Mot. to Dismiss and/or J. on the Pleadings* (ECF No. 8).

The United States Magistrate Judge filed with the Court on November 30, 2022 his Recommended Decision, recommending that the Court grant the Defendants' motion to dismiss. *Recommended Decision on Def.'s Mot. to Dismiss* (ECF No. 9) (*Recommended Decision*). Mr. Roussel filed his objection to the Recommended Decision on December 7, 2022. *Objs. to Report and Recommendations* (ECF No. 10) (*Pl.'s Obj.*). On December 8, 2022, the Defendants filed their response. *Defs. William Mayo, Scott Wilcox, Ryan Bailey and Lucas Murphy's Joint Reply to*

*Pl.'s Obj. to Magistrate's Report and Recommended Decision (ECF Doc. No.: 9)* (ECF No. 11).

Mr. Roussel's objection included a request to amend his complaint. *Pl.'s Obj.* at 2 ("If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action"). In its December 9, 2022 order, the Court recharacterized in part Mr. Roussel's objection as a motion to amend complaint, ordered Mr. Roussel to file a proposed amended complaint within two weeks, and deferred ruling on the Recommended Decision. *Order to File Proposed Am. Compl.* (ECF No. 12). *See Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 15 (1st Cir. 1990) (a court should liberally construe a pro se filer's pleadings); *Doyle v. Town of Falmouth*, No. 2:19-cv-00229-NT, 2019 U.S. Dist. LEXIS 183409, at *4-5 (D. Me. Oct. 23 2019) ("A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

On December 19, 2022, Mr. Roussel filed a proposed amended complaint. *Am. Compl.* (ECF No. 13). On December 28, 2022, the Defendants filed an objection to Mr. Roussel's proposed amended complaint in the form of a motion to dismiss.[1] *Defs.*

---

[1] On December 28, 2022, the Court issued the following order explaining the state of the docket:

> On December 9, 2022, the Court ordered the Plaintiff to file a proposed amended complaint and allowed the Defendants to respond to the proposed complaint within two weeks of the date that the Plaintiff filed his proposed amended complaint. (ECF No. 12). Instead of filing an objection to the proposed amended complaint, however, on December 28, 2022, the Defendants filed a motion to dismiss the amended complaint (ECF No. 15) on the erroneous assumption that the Court had granted the Plaintiff's motion to amend complaint. To be clear, the Court ha[d] not yet allowed the

*William Mayo, Scott Wilcox, Ryan Bailey and Lucas Murphy's Joint Mot. to Dismiss Pl.'s Am. Compl., ECF Doc. No. 13 Pursuant to F.R.Civ.P. Rule 12(b)(6) with Incorporated Mem. of Law.* (ECF No. 15) (*Def.'s Opp'n*). On January 6, 2023, Mr. Roussel filed a reply. *Pl.'s Resp. and Opp'n to Def.'s Mot. to Dismiss Pl.'s Am. Compl.* (ECF No. 17) (*Pl.'s Reply*).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave" once the time to amend "as a matter of course" has passed. FED. R. CIV. P. 15(a)(2) (explaining that "[t]he court should freely give leave [to amend] when justice so requires"). "[W]hen a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order . . . Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." *O'Brien*, 943 F.3d at 527 (internal quotations omitted) (citing FED. R. CIV. P. 16(b)(4); *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015)). The First Circuit has recognized that district court judges have "'great latitude' over case-management functions under Rule 16(b)." *Id.* at 528 (quoting *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993)).

---

complaint to be amended and before it can be amended, the Court must be satisfied that the amendments would not be futile. To avoid the motion practice in this case from devolving into a procedural morass, the Court ORDERS that the Defendants' Joint Motion to Dismiss be retitled Joint Objection to Plaintiff's Motion to Amend Complaint. If the Plaintiff chooses to file a reply to the Defendants' Joint Objection, it will be due by January 18, 2023. Finally, the burden to demonstrate that the complaint should be amended remains on the Plaintiff, not on the Defendants as would be true if the Defendants' motion to dismiss were the operative motion.

*Order* (ECF No. 16).

4

"[A]s a general rule, [courts] are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that pro se complaints are "to be liberally construed" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). "However, pro se status does not insulate a party from complying with substantive and procedural law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "The Court must deny a motion to amend as futile if the 'complaint, as amended, could not withstand a motion to dismiss.'" *Fannie Mae v. Wilson*, No. 2:18-cv-00366-JAW, 2019 U.S. Dist. LEXIS 72293, *7 (D. Me. Apr. 30, 2019) (quoting *Shannon v. Houlton Band of Maliseet Indians*, 54 F. Supp. 2d 35, 38 (D. Me. 1999)).

### III. DISCUSSION

In his Recommended Decision, the Magistrate Judge specified certain factual areas in which Mr. Roussel's complaint was lacking and thus should not, in his opinion, withstand a motion to dismiss. The Magistrate Judge explained how regarding the First Amendment claim, "[t]he issue is whether Plaintiff's allegations could be reasonably construed to support a finding that Defendant Mayo's order to remove Plaintiff from public property that is not a public forum was based on Plaintiff's viewpoint." *Recommended Decision* at 6 (citing *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 46 (1983)). The Magistrate Judge continued,

5

noting that "[b]ecause Plaintiff has not described the location or purpose of the public property, nor alleged the context in which his conversation with Defendant Mayo occurred, Plaintiff's allegations are insufficient to support a claim that he was removed from the property based on his viewpoint on an issue." *Id.* The Magistrate Judge explained that "[w]ithout additional facts . . . there is no basis to conclude that the loss of physical access to one particular property (evidently in a different town than Plaintiff's residence) constitutes an infringement on Plaintiff's First Amendment rights." *Id.* at 7 n.1.

Construing Mr. Roussel's proposed pleadings broadly, he now alleges a more inclusive set of facts that cures some of the allegation defects noted by the Magistrate Judge in his Recommended Decision. For example, Mr. Roussel alleges that he did not merely ask a question of the town manager, but that he expressed "a particular viewpoint that he should be able to go to the property with a respirator instead of a mask." *Pl.'s Obj.* ¶ 2. Moreover, Mr. Roussel now explains the context of his claim and alleges more facts, including the location and purpose of the public property and the context of his conversation with Mr. Mayo. *Am. Compl.* at ¶¶ 18-26.

In light of the First Circuit's admonition that courts be "solicitous of the obstacles that pro se litigants face" by "hold[ing] pro se pleadings to less demanding standards than those drafted by lawyers," *Dutil*, 550 F.3d at 158, the Court concludes that Mr. Roussel's amended complaint, in conjunction with his other filings subsequent to the Recommended Decision, may withstand a motion to dismiss. *See White v. Swartz*, No. 2:11-cv-00224-NT, 2011 U.S. Dist. LEXIS 141927, at *12 (D. Me.

Dec. 6, 2011) ("Additionally, the pleadings of pro se plaintiffs are generally interpreted in light of supplemental submissions, such as any response to a motion to dismiss") (citing *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)).

The Court expresses no opinion about whether the amended complaint will withstand a motion to dismiss and rules only that Mr. Roussel should be allowed to make the amendment. *See White*, 2011 U.S. Dist. LEXIS 141927, at *12 ("In some circumstances, if it appears that a pro se litigant might be able to plead adequate facts [to withstand a motion to dismiss] if he or she better understood the applicable law, the Court may provide some opportunity to understand what the law requires, along with an opportunity to supplement the pleadings, all in order to avoid a scenario in which a pro se plaintiff's claims are summarily dismissed with prejudice based on a failure to plead sufficient facts") (citing *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004)); *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003) (Where "the issue of futility . . . is close," the court must "err on the side of generosity to the [pro se plaintiff]").

The Court is aware that "there is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Rivera-Fuentes v. Kijakazi*, Civil No. 20-1444 (FAB), 2023 U.S. Dist. LEXIS 6199, at *5 (D.P.R. Jan. 12, 2023) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Nevertheless, in the unique circumstances of this case, as the Magistrate Judge's recommended decision is based on missing allegations in the original complaint, and as the Plaintiff has

broadened the allegations in the amended complaint in an effort to respond to the Magistrate Judge's concerns, it seems fair to give both the Defendants and the Magistrate Judge an opportunity to reassess the viability of the amended pleading and to give Mr. Roussel an opportunity to respond if the Defendants elect to proceed with a motion to dismiss.

To this end, the Court recognizes that the Defendants may decide to proceed in one of at least four ways: (1) they may conclude that the amended complaint will likely withstand a motion to dismiss and withdraw the motion to dismiss; (2) they may conclude that their current filings, including the originally filed motion to dismiss and their joint objection to the motion to amend complaint, are sufficient and they may rest on their docketed filings; (3) they may seek to amend their current filings to reflect the new allegations in the amended complaint; or (4) they may withdraw the pending motion to dismiss and file a new motion to dismiss based on the allegations in the amended complaint.  The Court leaves this decision to defense counsel but will impose a two-week deadline by which time, the Defendants shall inform the Court which of these alternatives they will select and will propose a schedule for any additional filing, response, and reply.

Once the Defendants' decision is clarified, if there is a motion to dismiss pending, the Court will likely refer the matter to the Magistrate Judge for his ruling as to whether the new allegations in the amended complaint satisfy the defects he first observed in his November 30, 2022 recommended decision.

## IV.  CONCLUSION

The Court GRANTS the Plaintiff's Motion to Amend Complaint (ECF No. 14) and ORDERS the Defendants to make a filing within two weeks of the date of this Order consistent with Order.  The Court defers action on the Magistrate Judge's pending Recommended Decision (ECF No. 9) pending the Defendants' status update.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2023