UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH F. ROUSSEL, | ) |
| Plaintiff | ) ) ) |
| v. | ) 1:22-cv-00285-JAW ) |
| WILLIAM MAYO, et al., | ) ) |
| Defendants | ) |

**ORDER ON MOTION TO AMEND COMPLAINT**

Plaintiff moves for leave to file an amended complaint to allege claims against the named defendants and to join a new defendant. (Motion, ECF No. 32.) Defendants oppose the motion. Following a review of the record and after consideration of the parties' arguments, I grant the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initially filed a complaint against Defendants Bailey, Mayo, Murphy, and Wilcox, who are municipal employees of the City of Old Town, for Defendants' alleged violation of his First Amendment free speech rights in October 2021. While this matter was pending, Plaintiff filed a separate claim against Defendant Mayo and Robert Young, the Sheriff of Piscataquis County, alleging the violation of his First Amendment free speech rights during his later and related interaction with Defendant Mayo and Sheriff Young in June 2022. *See Roussel v. Mayo*, No. 1:23-cv-00061-JAW (the "second action"). Plaintiff subsequently voluntarily dismissed the second action without prejudice. Through his motion to amend, Plaintiff seeks to add additional facts to support his claim based on

the October 2021 incidents and to reassert his claim against Defendant Mayo and Sheriff Young based on the June 2022 incidents.  Plaintiff, therefore, moves to add Sheriff Young as a defendant in this action.

## STANDARD OF REVIEW

When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required to amend the complaint.  Fed. R. Civ. P. 15(a)(2).  In such a case, the court is to grant leave to amend "freely" when "justice so requires."  *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

When a plaintiff seeks to add new defendants through a motion to amend the complaint, the joinder also must satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2).  *Spencer v. Lewis*, 2014 WL 1364791, at *1 (D. Mass. Apr. 4, 2014); *see also Waters v. Day & Zimmerman NPS*, 23 F.4th 84, 96 (1st Cir. 2022) ("Rule 20 sets the limit for allowing additional parties to join a pre-existing lawsuit ….").  Pursuant to Rule 20(a)(2), a person may be joined in an existing action as a defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.

R. Civ. P. 20(a)(2). "Whether to permit joinder of parties is within the discretion of the court, and 'the rules governing party joinder are construed liberally for the sake of convenience and economy." *Wilimington Trust, Nat'l Ass'n, v. Howe*, No. 2:21-cv-00278-NT, 2022 WL 1522247, at *2 (D. Me. May 13, 2022); *see also Arista Recs. LLC v. Does 1-27*, 584 F. Supp. 2d 240, 251, 261 (D. Me. 2008) (courts construe Rule 20 "as broadly as possible whenever doing so is likely to promote judicial economy" because its purpose is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.") (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 1652 at 395, 1653 at 414 (3d ed. 2010)).

## DISCUSSION

Prior to the filing of the motion to amend, Plaintiff was self-represented. On March 28, 2023, the Court granted Plaintiff's motion for a 90-day continuance of proceedings to allow Plaintiff to obtain an attorney. (Order, ECF No. 30.) On June 5, 2023, counsel entered an appearance for Plaintiff. (Notice of Appearance, ECF No. 31.) On the same date, counsel filed the motion to amend.

Defendants oppose the motion citing prejudice resulting from an allegedly unreasonable delay in seeking the amendment and in the resolution of the case. Defendants contend they have been prejudiced because they have been required to expend resources to defend the claims as alleged for more than ten months and now will have to defend additional claims. Defendants maintain the prejudice is of particular concern because Plaintiff now seeks to reinstate a claim from the second action, which was voluntarily dismissed by Plaintiff after Defendants had expended resources to defend.

While Defendants' concerns regarding the time the case has been pending are understandable, Defendants have not demonstrated undue prejudice. As the First Circuit explained, "[p]articularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a reopening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Stier v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-155 (1st Cir. 2004)). Here, because a scheduling order has not been entered, the parties have not engaged in any discovery and a trial date has not been set. Defendants are not unduly prejudiced by the proposed amendment to assert additional claims against them.

The next issue is whether Plaintiff may amend the complaint to add Sheriff Young as a party. Under Rule 20(a)(2)(B), joinder is permitted if there is any common question of law or fact. Fed. R. Civ. P. 20(a)(2)(B). Plaintiff's proposed claim against Sheriff Young based on his interaction with Plaintiff in June 2022 involves a legal issue common to Plaintiff's claims against the defendants based on their interaction with Plaintiff in October 2021—whether a defendant violated Plaintiff's constitutional right to free speech. Given that Plaintiff alleges that Sheriff Young violated his free speech rights in response to written signs directed to Defendant Mayo and referring to alleged speech restrictions, Plaintiff's proposed claim against Sheriff Young suggests that Plaintiff's prior interactions with Defendant Mayo, which are part of his existing claim, likely have some relevance to the claim against Sheriff Young. Joinder of Sheriff Young is appropriate.

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's motion to amend. Plaintiff shall file the amended complaint within seven days of the date of this order.[1]

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of August, 2023.

---

[1] In their opposition to the motion, citing Federal Rule of Civil Procedure 41(d), which provides that a court "may order" a plaintiff who refiles a previously dismissed action to pay "all or part of the costs of that previous action," Defendants ask the Court to award attorney fees incurred in the voluntarily dismissed second action. I decline to award fees. First, there appears to be a circuit split as to whether and, if so, under what circumstances, attorney fees are considered costs under the Rule. *See Horowitz v. 148 South Emerson Associates LLC*, 888 F.3d 13, 24-25 (2nd Cir. 2018) (collecting cases). The First Circuit has evidently not addressed the issue. Second, regardless of whether fees are recoverable under the Rule, Plaintiff, who was self-represented at the time, dismissed the second action early in the process and before any discovery was conducted. Under the circumstances, an award of costs/fees is not warranted.