IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Joseph F. Roussel,<br><br>    Plaintiff<br><br>v.<br><br>William Mayo, et al.,<br><br>    Defendants | Civil No.:  1:22-cv-00285-SDN |

### RESPONSIVE PRE-FILING CONFERENCE MEMORANDUM

  Plaintiff Joseph Roussel submits the following Responsive Pre-filing Conference Memorandum pursuant to the Court's Procedural Order (Document Number 67) and Local Rule 56(h).

  The Plaintiff sets forth the following for consideration of the Court and Counsel for the Pre-Filing Conference.

  **A. Issues to be Addressed by the Motion for Summary Judgement:**

  Plaintiff filed a Second Amended Complaint on August 11, 2023 (ECF No. 42). On September 1, 2023, Defendant Young initially responded with a Motion to Dismiss (ECF No. 45). Following oral arguments, Judge Woodcock issued a 23-page Opinion dismissing Young's Motion to Dismiss on May 13, 2024 (ECF No. 53). On May 23, 2024, Young filed his Answer and Affirmative Defenses (ECF No. 54).

  It is anticipated that Plaintiff's response to Defendant Young's Motion for Summary Judgement will address the following:

1. Defendant Young was a government actor within the meaning of Section 1983, *Wood v. Hancock County*, 354 F.3d 57, 58 n.1 (1st Cir. 2003).

2. Young misused his governmental office to place a prior restraint and to chill the First Amendment rights of the Plaintiff by using a frivolous Cease Harassment Notice, *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 16 (1st Cir. 2011).

3. Co-Defendant Young acted under the color of law at the time of his interactions with Plaintiff. *See, e.g., Parratt v. Taylor,* 451 U.S. 527 (1981); *Martinez v. Colon,* 54 F.3d 980 (1st Cir. 1995).

4. The undisputed material facts establish governmental entity liability against either Co-Defendant Young acting in his official capacity, or Piscataquis County. *See, e.g., Monell v. Dept. of Social Services,* 436 U.S. 658 (1978). Co-Defendant Young, in his official capacity, is another way of stating a governmental entity claim. *See Kentucky v. Graham,* 473 U.S. 159 (1985).

5. Plaintiff's speech occurred on a public right-of-way, *Perry Education Assoc'n v. Perry Local Educator's Assoc'n*, 460 U.S. 37 (1983) and not on property owned or controlled by Co-Defendant William Mayo.

6. Plaintiff's speech was within recognized limits for residential picketing, *Madison v. Women's Health Center, Inc.*, 512 U.S. 753, 775 (1994).

7. Plaintiff's speech was within his rights under the First Amendment and did not contain or were proscribed by the doctrine of "fighting words." *See Chaplinsky v. New Hampshire*, 315 U.S. 568, 574 (1942) and *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 927 (1982).

8. Young's conduct constituted an unreasonable prior restraint and an impermissible retaliation for the exercise of a known First Amendment right. *Hartman v. Moore,* 647 U.S. 250,

256 (2006); *Gericke v. Begin,* 753 F.2d 1, 6 (1st Cir. 2014).

9.      Defendant Young is not entitled to qualified immunity from Plaintiff's claims. *See, e.g., Mullenix v. Luna,* 577 U.S. 7, 11 (2015); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

10.     Defendant Young's conduct demonstrated actual, or implied, malice for which he is individually liable for an assessment of punitive damages. *Smith v. Wade*, 461 U.S. 30 (1983).

**B.     Page Limits and Proposed Deadlines for Filing:**

The Plaintiff does not anticipate his Memorandum in Opposition to the Defendant Young's Motion for Summary Judgment will exceed twenty (20) pages.

**C.     Length of the Statement of Material Facts and Additional Statement of Facts:**

Similarly, the length of the Response to the Statement of Material Facts, and the Additional Facts, will depend on the nature and extent of the factual issues raised by Defendant Young and whether stipulations are proposed, and if so, the extent to which they are acceptable.

**D.      Use of Stipulated Facts:**

The Plaintiff welcomes any proposed stipulations of fact Plaintiff anticipates using deposition transcripts of all Co-Defendants and himself.

**E.     Estimated Record:**

The Plaintiff looks forward to a discussion with Co-Defendant Young to streamline issues, documents and other material involving the record in this case. At this point, Plaintiff anticipates using deposition transcripts of all parties and related deposition exhibits.

**F.     *Daubert/Kumho* Motions and Proposed Deadlines:**

The Plaintiff proposes that any *Daubert/Kumho* motions be submitted twenty-one (21) days after the filing of the summary judgment response memorandum, or in the alternative, twenty-one (21) days after the Court's final order on the Defendants' Motion. Plaintiff anticipates either

a *Daubert/Kumho* motion, or Motion in Limine challenge to the Defendant's "real estate" expert.

**G.     Other:**

The Plaintiff contends that discovery has revealed that certain allegations made in the depositions lack an evidentiary basis for admission in evidence and/or as statements of material fact under Rule 56.  Toward that end, the Plaintiff asks to be granted leave to file a Motion to Strike such allegations made in the Motion for Summary Judgment as an immaterial, impertinent and scandalous matter pursuant to Rules 1 and 12(f).

Dated: December 16, 2024            */s/ Michael E. Saucier*
                                    Michael E. Saucier, Esq.
                                    Attorney for Plaintiff

LIBBY O'BRIEN KINGSLEY & CHAMPION, LLC
62 Portland Road, Suite 17
Kennebunk, ME 04043-0147
Tel. (207) 985-1815
msaucier@lokllc.com


### CERTIFICATE OF SERVICE

I, Michael E. Saucier, hereby certify that on December 16, 2024, I electronically filed the ***Plaintiff's Responsive Pre-Filing Conference Memorandum*** with the Clerk of the Court using the CM/ECF system which caused a copy of this document be served electronically on all registered counsel of record.

**Dated:**  December 16, 2024            */s/ Michael E. Saucier*
                                         **Michael E. Saucier, Esq. (Maine Bar No. 353)**
                                         Attorney for Plaintiff

**LIBBY O'BRIEN KINGSLEY & CHAMPION, LLC**
62 Portland Road, Suite 17
Kennebunk, ME  04043
(207) 985-1815
msaucier@lokllc.com